STATE of Wisconsin, Plaintiff-Respondent,

v.

Tonnie D. ARMSTRONG, Defendant-Appellant.

Supreme Court

*Nos. 97–0925–CR, 97–0926–CR. Filed April 20, 1999.*

(Also reported in 591 N.W.2d 604.)

BRADLEY, J., dissents.
ABRAHAMSON, C.J., joins.

¶ 1.   PER CURIAM.   *(on motion for reconsideration).* On motion for reconsideration, defendant-appellant Tonnie D. Armstrong asks this court to reverse his conviction, contending that harmless error is inapplicable where an appeal is filed under Wis. Stat. § 971.31(10). Armstrong contends that our opinion in this case contravened prior Wisconsin precedent without addressing that precedent. At the least, Armstrong requests an opportunity for both parties to brief and argue this issue.

¶ 2.   To clarify the original *Armstrong* opinion, we modify footnote 38 of the opinion at 223 Wis. 2d 331, 369–70, 588 N.W.2d 606 (1999) by adding the following language to the end of that note:

> We recognize that some courts have interpreted this court's opinion in *State v. Monahan*, 76 Wis. 2d 387, 251 N.W.2d 421 (1977), to establish a

total rejection of the use of the harmless error rule in appeals filed under Wis. Stat. § 971.31(10). *E.g., State v. Pounds*, 176 Wis. 2d 315, 324–26, 500 N.W.2d 373 (Ct. App. 1993); *Jones v. Wisconsin*, 562 F.2d 440, 445–46 (7th Cir. 1977). We do not read *Monahan* so broadly. The following constitutes our entire commentary on the harmless error rule in *Monahan*:

> The state suggests that a harmless error rule be formulated to apply where a defendant is appealing pursuant to sec. 971.31(10), Stats. It is suggested that such a rule will further the interests of judicial economy. We have considered this argument, but we do not adopt such a rule.

*Monahan*, 76 Wis. 2d at 401. We made this statement in response to the State's detailed proposal in *Monahan* that we adopt a specific procedure for courts to follow when determining whether a defendant's decision to plead guilty was affected by the denial of the suppression motion. That statement simply indicates that we had considered the State's proposed methodology but declined to adopt it. We do not read *Monahan* to preclude, in any way, the use of a harmless error approach in § 971.31(10) appeals and we withdraw from *Pounds* all language to the contrary. *See Pounds*, 176 Wis. 2d at 324–26. We also withdraw any language that might be construed in a contrary fashion from *State v. Esser*, 166 Wis. 2d 897, 480 N.W.2d 541 (Ct. App. 1992).

¶ 3.   The motion for reconsideration is denied without costs.

¶ 4.   ANN WALSH BRADLEY, J. (*on motion for reconsideration*) (*dissenting*). Armstrong asserts in his

motion for reconsideration that a direct contradiction in Wisconsin law was created when this court released its opinion. I agree. Without explanation we said in *State v. Armstrong*, 223 Wis. 2d 331, 588 N.W.2d 606 (1999) that the harmless error doctrine applied to appeals taken after a guilty plea pursuant to Wis. Stat. § 971.31(10); *State v. Pounds*, 176 Wis. 2d 315, 324–26, 500 N.W.2d 373 (Ct. App. 1993) said that it did not. Because the majority on reconsideration concludes in a modified footnote that this discrepancy should be decided and Wisconsin law changed, without the benefit of full briefing and analysis, I respectfully dissent.

¶ 5.　Upon reconsideration, the majority modifies a footnote and states that it "recognize[s] that some courts have interpreted" *State v. Monahan*, 76 Wis. 2d 387, 251 N.W.2d 421 (1977) to be a complete bar to applying a harmless error analysis where the appeal is taken after a guilty plea under Wis. Stat. § 971.31(10). *Armstrong*, 223 Wis. 2d at 369 n.38. That is an understatement. The fact of the matter is that *every* court that has interpreted *Monahan* has cited it for the proposition that the harmless error doctrine cannot be applied to appeals taken after a guilty plea. Yet, in the face of this unanimous interpretation, the majority concludes that it will not "read *Monahan* so broadly." *Id.*

¶ 6.　*Monahan* has been interpreted "so broadly" by two federal circuits, the Seventh in *Jones v. State*, 562 F.2d 440, 446 (7th Cir. 1977), and the First in *United States v. Weber*, 668 F.2d 552, 562–63 (1st Cir. 1981). *Monahan* has been interpreted "so broadly" by the Maryland Court of Appeals in *Bruno v. Maryland*, 632 A.2d 1192, 1198 (Md. 1993). *Monahan* has been interpreted "so broadly" by Wisconsin's own court of appeals in *Pounds*, 176 Wis. 2d at 324–26, and *State v.*

*Esser*, 166 Wis. 2d 897, 906 n.6, 480 N.W.2d 541 (Ct. App. 1992).

¶ 7. Additionally, the "broad" reading of *Monahan* is supported by opinions of other courts, both state and federal, which have concluded likewise. *See, e.g., Weber*, 668 F.2d at 562–63; *Jones*, 562 F.2d at 446; *New York v. Grant*, 380 N.E.2d 257, 264–65 (N.Y. 1978); *California v. Hill*, 528 P.2d 1, 29–30 (Cal. 1974), *overruled on other grounds, California v. Devaughn*, 558 P.2d 872, 876 (Cal. 1977). That conclusion, however, has not been unanimous. *See, e.g., Bruno*, 632 A.2d at 1198–1203.

¶ 8. Regardless of their end opinion, at least these courts had the benefit of having the issue fully briefed so that they could better articulate the rationale behind their conclusion and more fully appreciate the ramifications of their conclusion. The majority has merely replaced a statement written without supporting rationale in *Monahan* with another statement written without supporting rationale in footnote 38. Why should (or should not) the harmless error doctrine apply to appeals taken under Wis. Stat. § 971.31(10)? *Jones, Weber, Grant, Hill,* and *Bruno* offer the reader a justification; the majority does not.

¶ 9. In sum, I conclude that this court should have asked for additional briefing. *Monahan* did not provide a clear answer. The interpretation other courts have given to that answer is clearly not the answer the majority assigns to it today. The correct answer is not a foregone conclusion. Different courts have answered this question differently. What they have all had is a full briefing prior to their decision. What they have all done is provide a reasoned answer in their opinion. We should have had and done the same. Because we did

not, I respectfully dissent from the denial of Armstrong's motion for reconsideration.

¶ 10.   I am authorized to state that CHIEF JUSTICE SHIRLEY S. ABRAHAMSON joins this opinion.