ANNETTE KINGSLAND ZIEGLER, J.
f 49. (concurring). I join the majority opinion so long as it is read to answer only the issue presented and does not alter, change, or affect existing case law concerning Miranda, 384 U.S. 436 (1966), or an issue not present here, Goodchild (voluntariness). See State ex rel. Goodchild v. Burke, 27 Wis. 2d 244, 262, 133 N.W.2d 753 (1965). The question in this case is exceedingly narrow. "Miranda warnings need only be administered to individuals who are subjected to a custodial interrogation." State v. Armstrong, 223 Wis. 2d 331, 344—45, 588 N.W.2d 606 (1999), modified, 225 Wis. 2d 121, 591 N.W.2d 604 (1999) (per curiam). There is no dispute that Harris was in custody at the time that Detective Buchanan asked Harris whether he wanted to give a statement. Thus, the only issue this court need resolve in the present case is whether Detective Buchanan's question constitutes "interrogation." Supreme Court case law, in turn, instructs that "the term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnote omitted). I agree with the court's determination that Detective Buchanan's brief interaction with Harris does not fit this definition and that *301 the absence of a Miranda warning prior to that interaction does not, therefore, mandate reversal.
¶ 50. I write separately to clarify that the court's additional writing beyond the narrow question to be answered should not be read to change the law relating to Goodchild inquiries, which are not at issue in this case. A Goodchild analysis is distinct from a Miranda analysis: "In Miranda the question is, was the confession or other statement obtained under such circumstances of custodial interrogation as to require the exclusion of the statement from evidence. In Goodchild the question is, was the statement involuntary and therefore should be excluded from evidence." Roney v. State, 44 Wis. 2d 522, 533, 171 N.W.2d 400 (1969).
¶ 51. When examining whether a declarant's statement was voluntary, the question is "whether [the statement] was obtained under such circumstances that it represents the uncoerced, free will of the declarant or whether the circumstances deprived him of the ability to make a rational choice." Id. at 532-33.
This court applies a totality of the circumstances standard to determine whether a statement was made voluntarily. We must balance the personal characteristics of the defendant, such as age, education, intelligence, physical or emotional condition, and prior experience with law enforcement, with the possible pressures that law enforcement could impose. Possible pressures to consider include the length of questioning, general conditions or circumstances in which the statement was taken, whether any excessive physical or psychological pressure was used, and whether any inducements, threats, methods, or strategies were utilized in order to elicit a statement from the defendant.
State v. Davis, 2008 WI 71, ¶ 37, 310 Wis. 2d 583, 751 N.W.2d 332 (citations omitted).
*302 ¶ 52. To be clear, the question in this case is not whether Harris' statement was voluntary; instead, the court has simply been asked to determine whether Detective Buchanan interrogated Harris. At times, the majority opinion could be read to deviate from the relevant analysis and dabble with considerations relevant to voluntariness, conflating the analyses. I join this opinion only if it is read to answer the question of whether this was interrogation, leaving untouched the body of case law which otherwise addresses Miranda or Goodchild. Thus, I write to emphasize that this opinion should not be read to otherwise change the law.
¶ 53. For the foregoing reasons, I respectfully concur.
¶ 54. I am authorized to state that Justice MICHAEL J. GABLEMAN joins this opinion.